# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
## CHARLESTON DIVISION

| | |
|---|---|
| Colby William Crosby, as the Personal, Representative of the Estate of William Jerry Crosby,<br><br>        Plaintiff,<br>v.<br><br>The Colleton County Sheriff's Office; Sheriff Guerry "Buddy" Hill, in his official capacity; and Jacob Scott, individually,<br><br>        Defendants. | Case No. 2:22-cv-3897-RMG<br><br>**ORDER AND OPINION** |

       This matter comes before the Court on Plaintiff's motion for an order directing the Fourteenth Circuit Solicitor's Office and the Port Royal Police Department to produce any materials in their possession relating to an alleged criminal domestic violence incident which occurred on or about March 8, 2019 involving Defendant Jacob Scott. (Dkt. No. 11). Plaintiff subpoenaed the documents pursuant to Rule 45 of the Federal Rules of Civil Procedure. The Port Royal Police Department responded to its subpoena by stating that the material requested "has been expunged and sealed [and] therefore it is not available for release." (Dkt. No. 11-6 at 2). The Fourteenth Circuit Solicitor's Office responded to the subpoena by stating that pursuant to S.C. Code Ann. § 17-1-40 the subpoenaed materials would not be turned over without a court order. (Dkt. No. 11-7 at 2). Defendants have filed a response indicating that they take "no position" on Plaintiff's motion but note any disclosure of expunged material must be authorized by a court order. (Dkt. No. 13 at 2).

       S.C. Code § 17-1-40(A) provides that if criminal charges were discharged, dismissed or the defendant was found not guilty, the records shall not be subject to disclosure "unless disclosure is allowed by court order." Where a party in a pending civil action in federal court has subpoenaed

1

previously expunged material that are relevant to the pending action, disclosure of that material may be accomplished by an order of a federal judge. *Grey v. Jaddou*, No. 2:18-cv-01764-DCN, 2022 WL 1751369 at *4-5 (D.S.C. May 31, 2022); *Baney v. Town of Chapin*, No. 3:20-cv-04313, 2021 WL 1313410 at *1 (D.S.C. April 7, 2021).

Plaintiff's claims against Defendants include negligent hiring, negligent supervision and negligent training pursuant to the South Carolina Tort Claims Act and deliberate indifference pursuant to 42 U.S.C. § 1983. Plaintiff alleges that the records and materials relating to Defendant Scott's arrest for domestic violence were available to Defendant Colleton County Sheriff's Office at the time of Defendant Scott's hiring and that the information requested in the subpoenaed records is relevant to a number of issues involved in the pending civil action. (Dkt. No. 11 at 3-4).

The Court has reviewed the complaint and subpoenas at issue and finds that the subpoenaed materials likely contain information relevant to Plaintiff's claims. Further, there is no showing by the subpoenaed parties that production of the material is barred by the provisions of Rule 45(d)(3)(A). Consequently, Plaintiff's motion to enforce its subpoena is granted. (Dkt. No. 11). The Port Royal Police Department and the Fourteenth Circuit Solicitor's Office are directed to produce the subpoenaed materials (Dkt. Nos. 11-4, 11-5) within 14 days of this order.

**AND IT IS SO ORDERED**.

    s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

March 6, 2023
Charleston, South Carolina